IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUSIE BURNAM, as Special Administrator  )
of the Estate of Rosemary Iwaszko, and   )
WALTER IWASZKO,                          )
                                         )
         Plaintiffs,                     )
                                         )
vs.                                      )
                                         )   Case No.  11-CV-0590-MJR
BOB EVANS FARMS, INC.,                   )
                                         )
         Defendant                       )
         Third-Party Plaintiff,          )
                                         )
vs.                                      )
                                         )
ARAMARK UNIFORM SERVICES,                )
                                         )
         Third-Party Defendant.          )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court are motions for summary judgment filed by Defendant Bob Evans Farms, Inc., (Doc. 26) and Third-Party Defendant Aramark Uniform Services (Doc. 27).

1. Background and Procedural History

On December 12, 2009, Rosemary Iwaszko tripped on a wrinkled floor mat and fell as she and her husband Walter Iwaszko were entering the Bob Evans restaurant in Marion, Illinois; Mrs. Iwaszko later died. The Iwaszko's daughter, Susie Burnham, as administrator of Mrs. Iwaszko's estate, and Mr. Iwaszko filed suit in June 2011 in the Court for the First Judicial Circuit in Williamson County, Illinois. Plaintiffs assert three claims against Bob Evans: (1) a Wrongful Death Act claim pursuant to 740 ILCS 180/1, *et seq*., based on alleged negligence; (2) a Survival claim pursuant to the Probate Act of 1975, 755 ILCS 65/15, for pain and suffering,

1

and medical expenses occurring before Mrs. Iwaszko died; and (3) a Family Expense claim under 750 ILCS 65/15 for medical, funeral and burial expenses.

Defendant Bob Evans Farms, Inc., filed a third-party action against Aramark Uniform Services, based on the uniform rental services agreement under which Aramark provided, cleaned and maintained the mats for the restaurant.  In July 2011, Bob Evans removed the case to this federal court.

Bob Evans now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 26).  Bob Evans argues that it did not have a duty to protect Mrs. Iwaszko from an open and obvious condition and, further, that there is no evidence of how the mat became wrinkled or how long it was wrinkled.  Plaintiffs respond that whether the wrinkled mat was an open and obvious hazard, and whether Bob Evans breached its duty to Mrs. Iwasaszko are material questions of fact that preclude summary judgment (Doc. 37).  Plaintiffs also assert that, if the wrinkled mat was an open and obvious condition, the "distraction or forgetfulness" and "deliberate-encounter" exceptions apply.  Citing Plaintiffs' insertion of those exceptions into the mix, and Plaintiffs' reliance upon speculation, Bob Evans filed a reply (Doc. 38).[1]

Aramark has also moved for summary judgment, piggybacking on Bob Evans' arguments (Doc. 27).  Bob Evans agrees that if its motion is successful, Aramark would also be entitled to summary judgment (Doc. 34).  Plaintiffs did not specifically respond to Aramark's motion—an apparent concession that as goes Bob Evans, so goes Aramark.

Because the parties agree on all of the essential facts (but not conclusions to be drawn from those facts), the Court will merely cite pertinent facts as needed for analysis.

---

[1] Local Rule 7.1 requires exceptional circumstances for filing a reply.  The Court will consider Bob Evans' reply (Doc. 38) because Plaintiffs' assertion of the "distraction or forgetfulness" and "deliberate-encounter" exceptions could not have been reasonably anticipated based on the agreed upon, undisputed facts presented by the parties (*see* Doc. 26, pp. 7-10, and Doc. 37, p. 3).

2. The Legal Standard for Summary Judgment

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment should be granted if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

In assessing a summary judgment motion, the district court must construe all facts in the light most favorable to, and draw all legitimate inferences in favor of, the nonmovant. *Righi v. SMC Corp.,* 632 F.3d 404, 408 (7th Cir. 2011); *Delapaz v. Richardson,* 634 F.3d 895, 899 (7th Cir. 2011); *Spivey v. Adaptive Marketing, LLC,* 622 F.3d 816, 822 (7th Cir. 2010); *Reget v. City of La Crosse,* 595 F.3d 691, 695 (7th Cir. 2010). But once the movant challenges the factual support and legal soundness of the plaintiff's claim, the plaintiff acquires the burden of demonstrating that a genuine fact issue remains for trial. *Marcatante,* 657 F.3d at 440, *citing Boumehdi v. Plastag Holdings, LLC,* 489 F.3d 781, 787 (7th Cir. 2007). *See also Reget,* 595 F.3d at 695.

A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Serednyj v. Beverly Healthcare, LLC,* 656 F.3d 540, 547, *citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In other words, to survive summary judgment, the plaintiff must produce admissible evidence on which a jury could find in his favor. *Maclin v. SBC Ameritech,* 520 F.3d 781, 786 (7th Cir. 2008).

3. Analysis

Plaintiffs' Wrongful Death Act claim is premised upon alleged negligence. The gravamen of a negligence claim is the violation of a duty, which is a question of law. *Kleiber v. Freeport Farm and Fleet, Inc.,* 942 N.E.2d 640, 646 (Ill. App. 3rd Dist. 2010) (citing *Ward v. K Mart Corp.,* 554 N.E.2d 223, 226 (1990)).

> In making that determination, a court should consider the following factors: (1) the reasonable foreseeability of injury to another, (2) the reasonable likelihood of injury, (3) the magnitude of the burden that guarding against injury places on the defendant, and (4) the consequences of placing that burden on the defendant.

*Kleiber*, 942 N.E.2d at 646 (citing *Ward*, 554 N.E.2d at 226-227; *LaFever v. Kemlite Co.,* 706 N.E.2d 441, 446 (1998); *True v. Greenwood Manor West, Inc.,* 737 N.E.2d 673, 676 (2000)).

> "Under the Premises Liability Act, the owner or lessee of premises owes a duty of 'reasonable care under the circumstances' to those lawfully on the premises." *Simmons v. American Drug Stores, Inc.,* 329 Ill.App.3d 38, 43, 263 Ill.Dec. 286, 768 N.E.2d 46, 51 (2002), quoting 740 ILCS 130/2 (West 2000). In a situation where a plaintiff alleges that an injury was caused by a condition on the defendant's property, and the plaintiff was an invitee on the property, whether the injury is reasonably foreseeable is determined pursuant to section 343 of the Restatement (Second) of Torts (hereinafter referred to as the Restatement), which sets forth the general rule on the duty of care owed by possessors of land to invitees. See Restatement (Second) of Torts § 343 (1965); *Ward,* 136 Ill.2d at 145–46, 143 Ill.Dec. 288, 554 N.E.2d at 226–27; *LaFever,* 185 Ill.2d at 389–90, 235 Ill.Dec. 886, 706 N.E.2d at 447; *True,* 316 Ill.App.3d at 679, 250 Ill.Dec. 51, 737 N.E.2d at 676. Section 343 of the Restatement provides:
>
>> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he [:]
>>
>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>>
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>>
>> (c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts § 343 (1965).

*Kleiber*, 942 N.E.2d 646-647.

There is an exception to premises liability: the so-called open and obvious danger rule. *Ward,* 554 N.E.2d at 227–228; *Kleiber,* 942 N.E.2d at 647. "A possessor of land is not

4

liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1) (1965). The rationale behind the open and obvious exception being that "it was not foreseeable to a possessor of land that an invitee would be injured when the condition or danger was open and obvious." *Kleiber*, 942 N.E.2d at 647 (citing *Buerkett v. Illinois Power Co.,* 893 N.E.2d 702, 709 (2008)).

Plaintiffs contend that Bob Evans had knowledge of customers and employees tripping over the floor mats, thereby creating a question of fact regarding the foreseeability of injury. Plaintiffs characterize the number of stumbles over the mats as a regular occurrence and, therefore, a foreseeable risk giving rise to a duty of care. Plaintiffs further contend that Mrs. Iwaszko's knowledge of the danger is relevant to contributory negligence, not to whether a duty was owed. Bob Evans counters that the wrinkled floor mat was an open and obvious hazard.

Plaintiffs correctly observe that there is a question of fact regarding Bob Evans' knowledge of a dangerous condition that was a recurring hazard. *See Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 223 (7th Cir. 1988) (under Illinois law, constructive notice of a dangerous condition can be based upon the existence of the condition for sufficient time, or by the fact the condition was part of a pattern of conduct or was a recurring incident). Two Bob Evans employees testified that they or others tripped over the mats. *See* Doc. 26-1, (Draper) pp. 41, 43-44; (Toedte) p. 51. Nevertheless, Plaintiffs ignore Bob Evans' principal argument—that the open and obvious rule applies and no duty can be established. Furthermore, although Mrs. Iwaszko's knowledge of the hazard is not conclusive to whether Bob Evans owed her a duty and is relevant to contributory negligence, that does not preclude analysis of the applicability of the

open and obvious exception.  *See generally Waters v. City of Chicago*, 966 N.E.2nd 560, 565 (Ill. App. 1st Dist. 2012).

### A. Was the Hazard Open and Obvious?

"[T]he determination of whether the condition is open and obvious depends not on plaintiff's subjective knowledge but, rather, on the objective knowledge of *a reasonable person confronted with the same condition.*" *Sandoval v. City of Chicago*, 830 N.E.2d 722, 727 (Ill. App. 1st Dist. 2005) (emphasis added); *Sollami v. Eaton*, 772 N.E.2d 215, 224-225 (Ill. 2002).  Where there is no dispute about the physical nature of the hazard, whether it is open and obvious is a question of law for the Court; otherwise, it is a question to be left to the trier of fact.  *Alqadhi v. Standard Parking, Inc.*, 938 N.E.2d 584, 587 (Ill. App. 1st Dist. 2010).

The physical nature of the hazard—the wrinkled floor mat— is undisputed.  Mrs. Iwaszko's statement was recorded before her death and no contradictory evidence has been presented.  According to Mrs. Iwaszko:

> [W]e got out of the car, we were walking into the restaurant, there was a lady coming out, Wally opened the door for her, she almost tripped on the rug and I even says to her, I says oops, be careful and she just went.  Wally opened the door just a little bit more for me to walk in in that little vestibule, I got hung up on the rug and before you know it I was on the floor.

Doc. 26-2, p. 10.  She reiterated:

> [W]hen that lady walked out she kind of stumbled a little bit and I says to her, you know, I says be careful and I happened to look down.  I didn't pay that much attention to it.  You know, I had no idea that I was gonna get hooked up on it.  You know, and then I stepped in there and somehow my foot got tangled and I went.

Doc. 26-2, p. 8.  Mrs. Iwaszko further described the condition of the mat:

> You know those rubber mats they have that got a rubber trim around it?  That's what it looked like to me.  Don't ask me the color, could have been gray, black, I don't know.  But it's like a rubber bottom and it was like tangled up cause when that lady walked out, I even looked down and I

>don't know what happened when I walked in that I got tangled up in it. It's just one of those things.

Doc. 26-2, p. 7. Mrs. Iwaszko said the mat was not laying flat before the other woman exited, "[j]ust a little crinkle right by the door cause she almost tripped on it and I told her, I said be careful, and she walked on and she left." Doc. 26-2, p. 7. The mat was even like the one Mrs. Iwaszko has on her own front porch. Doc. 26-2, p. 8.

Mr. Iwaszko did not recall any details about the mat or the accident. Doc. 26-1, pp. 24-25. Similarly, Bob Evans employee Ethan Toedte, who at the time of the accident was exiting the restaurant to go smoke, did not see the mat before the fall, nor did he see the actual fall. Doc. 26-1, pp. 52-53. Employee Michael Draper, who was working near the door, also had nothing pertinent to add. Doc. 26-1, pp. 45-46.

Ronald Dobbs testified that, as the manager opening the restaurant the morning of the accident, he would have been the person who placed the floor mat out by the door, and he would not have placed a damaged mat on the floor. Doc. 26-1, pp. 36-37. Otherwise, there is no evidence of how or when the mat became wrinkled.

A reasonable person in Mrs. Iwaszko's position, "exercising ordinary perception, intelligence, and judgment," who watched someone stumble over a wrinkled floor mat and looked down at the obstacle, would appreciate the risk moments later. *See Olson v. Williams All Seasons Co.*, __N.E.2d__, 2012 WL 3555376, *9 (Ill. App. 2nd Dist. Aug. 9, 2012). Compare *Simmons v. American Drug Stores, Inc.*, 768 N.E.2d 46, 44 (Ill. App. 1st Dist. 2002) (a question of fact existed regarding whether a reasonable person in the position of a plaintiff, who had on previous occasions encountered an obstacle without incident, would fail to appreciate the incident on a separate and distinct occasion). Bob Evans could not reasonably anticipate that a person in those circumstances, taking reasonable care for his or her own safety, would be injured.

7

*Deibert v. Bauer Brothers Construction Co.*, 566 N.E.2d 239, 243 (Ill. 1990). Thus, as a matter of law, this Court finds that the wrinkled floor mat Mrs. Iwaszko encountered was an open and obvious danger. However, that finding does not conclude the analysis.

There are two recognized instances where the possessor *should* anticipate the harm even though the harm is open and obvious. *Kleiber*, 942 N.E.2d at 647-648 (citing Restatement (Second) Torts § 343A, Comment f (1965); *Ward,* 554 N.E.2d at 230–234; *LaFever,* 706 N.E.2d at 448; *True,* 737 N.E.2d at 676; *Buerkett,* 893 N.E.2d at 710). Plaintiffs contend the two exceptions are applicable. They bear the burden of establishing the applicability of those exceptions. *Kleiber*, 942 N.E.2d at 648 fn.1.

The first exception to the open and obvious danger rule is the "distraction and forgetfulness" exception.

> Under the distraction exception, the open and obvious danger rule will not apply if the possessor of land has reason to anticipate or expect that his invitees' attention will be distracted such that the invitee will fail to discover the open and obvious danger or will forget about the danger or will fail to protect himself from the danger.

*Id.*

Plaintiffs state, "[I]t is logical to presume from the evidence that a customer to the store would be more concerned with looking at signs and displays related to that day's special and avoiding other patrons coming and going, than a seemingly innocuous mat at their feet." Doc. 37, p. 7. As Bob Evans observes, this is pure speculation, with no evidentiary support. Mrs. Iwaszko did not state that she was distracted; rather, her remarks indicate she was focused on the other woman stumbling and the mat itself. Moreover, there is no evidence of signs and displays as Plaintiffs suggest. Similarly, because there was little or no time between when the hazard was appreciated and the fall, the forgetfulness exception is not reasonably applicable. *See*

*Kleiber*, 942 N.E.2nd at 649. There is no question of fact on this point; the distraction and forgetfulness exception is inapplicable based on the record before the Court.

The second exception is the "deliberate-encounter" exception, under which the open and obvious danger rule will not apply if the possessor of land has reason to anticipate or expect that the invitee will proceed to encounter an open and obvious danger because a reasonable person in the invitee's position would conclude that the advantages of proceeding outweigh the apparent risk. *Kleiber*, 942 N.E.2d at 648 (citing Restatement (Second) Torts § 343A, Comment *f* (1965); *LaFever,* 706 N.E.2d at 448; *True,* 737 N.E.2d at 676; *Buerkett,* 893 N.E.2d at 710). The Illinois Supreme Court explained in *Sollami v. Eaton*, 772 N.E.2d 215, 224 (Ill. 2002), that the deliberate-encounter exception is most often applied in cases involving some "economic compulsion"−but not exclusively. The exception is applicable relative to "any compulsion or impetus under which a reasonable person in [the invitee's] position would have disregarded the obvious risk of [proceeding past the hazard]." *Id*.

Plaintiffs assert: "The entrance utilized by Rosemary Iwaszko was the sole entrance to this Defendant Bob Evans Farms, Inc. restaurant. It was reasonable to expect that Rosemary Iwaszko would utilize this entrance and would continue to enter, despite the presence of a crumpled rug." Doc. 37, p. 11. Bob Evans counters that there is no evidence of compulsion, and Mrs. Iwaszko did not have to proceed past the wrinkled floor mat and through the right-hand door into the restaurant (*see* Doc. 26-2, p. 5); there was also a left-hand door (*see* Doc. 26-1, pp. 24, 55). Although there were two doors, a material question of fact remains regarding whether Mrs. Iwaszko could get around the wrinkled floor mat to enter through the left-hand door or to even exit the restaurant. The evidence before the Court regarding the positioning of the doors relative to the mat(s) is unclear (*see* Doc. 26-1, (Draper) p. 41). Therefore, the Court cannot

determine as a matter of law whether the deliberate-encounter exception is available to someone in Mrs. Iwaszko's position.  Therefore, Bob Evan's motion for summary judgment must be denied.

### C.  Aramark Uniform Services' Liability

Aramark Uniform Services essentially argues that, if there is no viable claim against Bob Evans, then it is entitled to summary judgment on the third-party claim Bob Evans brought against Aramark for indemnification (Docs. 27 and 28).  Bob Evans concedes this argument (Doc. 34).

Because, based on the evidence before the Court, material questions of fact remain and preclude summary judgment in favor of Bob Evans,  Aramark's motion for summary judgment must also be denied.

### 4.  Conclusion

For the reasons stated, the motion of Defendant Bob Evans Farms, Inc., for summary judgment (Doc. 26) is **DENIED**; and Third-Party Defendant Aramark Uniform Services' motion for summary judgment (Doc. 27) is **DENIED**.

IT IS SO ORDERED.

DATE:  September 11, 2012

s/ Michael J. Reagan
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE